***Tonya Price v. The Kroger Co. and XYZ Corporations 1-3***
***Superior Court of Cherokee County, State of Georgia***
***Civil Action File Number: 21CVE2072***


***Tonya Price v. The Kroger Co. and XYZ Corporations 1-3***
***USDC, Northern District, Atlanta Division***
***Civil Action File Number: TBD (Removal # 1:21-mi-99999)***


**EXHIBIT A to DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL**


<u>ALL DOCUMENTS FILED IN THE SUPERIOR COURT OF CHEROKEE COUNTY IN CIVIL ACTION NO. 21CVE2072</u>

Superior Court of Cherokee County
**E-Filed**
21CVE2072
11/30/2021 2:11 PM  RR
Patty Baker, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior or** ☐ **State Court of** _____CHEROKEE_____ **County**

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** _____11/30/2021_____ | **Case Number** ___21CVE2072___ | |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**
PRICE, TONYA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
THE KROGER CO.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

XYZ CORPORATIONS 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Catherine Payne, Payne & du Toit  **State Bar Number** ___463911___  **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

**IN THE SUPERIOR/STATE COURT OF** _____CHEROKEE_____ **COUNTY**

**STATE OF GEORGIA**

__TONYA PRICE_____

_____

_____
                                    PLAINTIFF
                       Vs.

__THE KROGER CO.;_____

__XYZ CORPORATIONS 1-3_____

_____
                                    DEFENDANT

CIVIL ACTION
NUMBER ____21CVE2072____

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**     **THE KROGER CO.**

　　　You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Catherine Payne, Esq.**
**PAYNE & DU TOIT**
**2275 Marietta Blvd., Ste 270-245**
**Atlanta, GA 30318**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ____11/30/2021_____, _____.

Clerk of Superior Court/State Court

By:_____
                                    Deputy Clerk

SC-1 Rev. 85

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
11/30/2021 2:11 PM  RR
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                    Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                 Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO. _____21CVE2072_____

## **COMPLAINT**

COMES NOW, Plaintiff Tonya Price (hereinafter "Plaintiff") and files this Complaint, alleging as follows:

## **PARTIES, JURISDICTION AND VENUE**

### 1.

Plaintiff is a resident of Georgia.

### 2.

Plaintiff submits to the jurisdiction and venue of this Court.

### 3.

Defendant, The Kroger Co. (hereinafter "Kroger") is now, and at all times relevant to this Complaint, a corporation organized and existing under the laws of the State of Ohio. Kroger is registered to transact business within the State of Georgia and it owns and operates the Kroger Store located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County.

Copy from re:SearchGA

4.

Kroger may be served with a copy of the Summons and Complaint by serving its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060 (in Cobb County).

5.

Defendant Kroger is subject to the jurisdiction of this Court.

6.

Defendant Kroger is subject to the venue of this Court.

7.

Defendant XYZ CORPORATIONS 1-3 are those entities whose identities are unknown to Plaintiff who are responsible in any manner for the ownership, operation, repair, and/or maintenance of the Kroger store located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County. Defendants XYZ CORPORATIONS 1-3 are hereby named as Defendants to the extent that their conduct was wrongful, negligent, or otherwise tortious and led or contributed to harm to Plaintiff.

8.

Defendants XYZ CORPORATIONS 1-3 are subject to the jurisdiction and venue of this Court.

## **AGENCY**

9.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendant's officers, agents, servants, employees, or representatives did such

2

Copy from re:SearchGA

act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

## **BACKGROUND**

10.

On December 15, 2019, Defendant Kroger was in legal possession of the Kroger retail store located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County (the "Subject Premises").

11.

On December 15, 2019, Defendant Kroger owned and operated the Subject Premises.

12.

On December 15, 2019, Plaintiff Tonya Price was an invitee at the Subject Premises and was on the premises for the purpose of purchasing goods from the Defendants.

13.

On December 15, 2019, while shopping at the Subject Premises, Plaintiff slipped on spilled milk that was on the floor, which constituted a hazardous condition on the Subject Premises.

14.

At the time of her fall, employees of Defendants, who were working within the course and scope of their employment, were in the immediate vicinity of Plaintiff when she fell.

15.

The hazardous condition by the milk was within the line of sight of Defendants' employees both before and during Plaintiff's fall.

Copy from re:SearchGA

16.

Kroger employees that were in the area of the hazardous condition did see or should have seen the hazardous condition created by the milk.

17.

At all relevant times, an employee/agent of Kroger was responsible for cleaning spilled products and/or placing a prominent warning sign to notify patrons of dangerous conditions, including spilled foreign substances on the floor.

18.

Kroger employees and/or agents saw the hazardous condition created by the milk.

19.

Kroger employees and/or agents should have seen the hazardous condition created by the milk.

20.

Kroger employees and/or agents should have but did not clean up the spill or otherwise place a sufficient warning sign to notify patrons of the dangerous condition.

21.

At all relevant times, Plaintiff exercised reasonable care for her safety.  Plaintiff did nothing to contribute to this incident.

## **NEGLIGENCE**

22.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

Copy from re:SearchGA

23.

The milk upon which Plaintiff slipped was located in a heavy-traffic area and constituted a hazardous and unsafe condition on the premises.

24.

The Defendants, by and through their agents and employees, owed a duty to Plaintiff to keep all areas of the Subject Premises in a safe condition and breached that duty by failing to discover, observe, and correct the condition regarding the milk on the floor, which constituted a hazardous condition, and which caused Plaintiff to fall.

25.

Defendants are liable for the negligent acts and omissions of their employees and/or agents, under the theory of *Respondeat Superior*.

26.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by allowing milk to remain on the floor.

27.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by failing to inspect, at reasonable intervals, the condition of the floor to ensure, among other things, that there were no foreign substances or items on the floor or other dangerous conditions.

28.

5

Copy from re:SearchGA

Defendants failed to exercise care to inspect and maintain the Subject Premises in a safe condition.

29.

At the time of the incident, no warnings were posted which would have alerted Plaintiff to the presence of a foreign substance in the area in which the milk were located.

30.

Defendants, through their agents and employees, had superior knowledge regarding the unsafe condition of the Subject Premises.

31.

Prior to the injuries sustained by the Plaintiff, Defendants, through their agents and employees, had actual notice that the Subject Premises was in an unsafe condition.

32.

Prior to the injuries sustained by the Plaintiff, Defendants, through their agents and employees, had constructive notice that the Subject Premises was in an unsafe condition.

33.

Defendants knew or should have known that it was likely that injury would result to its invitees and other individuals on the property if the unsafe condition of the Subject Premises was not corrected.

34.

Defendants breached their duties to Plaintiff by failing to inspect and keep the Subject Premises safe and free of the hazard of foreign objects or substances on the floor, thereby allowing the premises to remain in an unsafe condition.

Copy from re:SearchGA

35.

Defendants failed to warn Plaintiff of the hazardous condition on their property.

36.

Defendants were negligent in allowing the spilled milk to remain on the floor.

37.

Plaintiff's fall was the direct result of the hazardous condition created by the spilled milk at the Subject Premises.

38.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe physical injuries.

## **DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

40.

As a direct result of the incident proximately caused by the negligence of Defendants, Plaintiff has sustained serious and permanent injuries to her body, including but not limited to her neck, back, shoulders, and extremities, resulting in physical and emotional pain, suffering, and mental anguish.

41.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Plaintiff has incurred extensive medical expenses.

7

Copy from re:SearchGA

42.

Among other treatment, Plaintiff received multiple epidural injections, which helped temporarily, but did not relieve her symptoms.  Plaintiff underwent a right shoulder surgery due to injuries sustained in the fall at the Subject Premises and has also been recommended to undergo a left L4-5 microdiscectomy with L5-S1 transforaminal lumbar interbody fusion.

43.

To date, Plaintiff has incurred medical expenses of not less than as follows:

| | |
|---|---|
| Wellstar Paulding Hospital | $12,175.20 |
| Quantum Radiology | $487.00 |
| The Bortolazzo Group | $1,400.00 |
| Peachtree Rehab | $5,405.00 |
| Benchmark Physical Therapy | $11,662.00 |
| Medici Medical Arts | $41,958.54 |
| North Fulton Anesthesia Associates | $3,600.00 |
| Key Health | $4,595.00 |
| Ortho Sport & Spine | $90,675.44 |
| CoolSystems, Inc. | $980.00 |
| Prescription Costs | $384.49 |
| Total | $173,322.67 |

The above is not a fulsome list of her expenses, as they are still being calculated, and treatment is still ongoing.

44.

As a result of the actions and omissions of Defendant, Plaintiff will incur medical expenses in the future.

45.

8

Copy from re:SearchGA

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has experienced physical pain and suffering.

46.

As a direct result of the incident proximately caused by the negligence of the Defendants, Plaintiff has incurred lost wages.

47.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Plaintiff.

48.

As a result of the Defendants' negligence, failure to keep safe and to maintain the premises, and failure to warn, Plaintiff is entitled to recover for the injuries she sustained, including the cost of her medical treatment, the cost of her future medical treatment, past and future pain and suffering, her lost income, and all other elements of damages as allowed under the laws of the State of Georgia.

**WHEREFORE**, the Plaintiff respectfully prays:

a) That summons be issued and that Defendants be served as provided by law;

b) That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;

c) That all costs of this action be cast upon the Defendants;

d) That Plaintiff have such other and further relief as this Court may deem just and proper; and

e) That all issues herein be submitted to a jury.

Copy from re:SearchGA

This 30th day of November, 2021.

PAYNE & DU TOIT

___/s/ Catherine Payne_____
Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
cpayne@pdtfirm.com
adutoit@pdtfirm.com

*Attorneys for Plaintiff*

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
11/30/2021 2:11 PM  RR
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                Defendants.

CIVIL ACTION
FILE NO. _____21CVE2072_____

## **PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT THE KROGER CO.**

COMES NOW, Plaintiff Tonya Price, by and through her counsel of record, and submits the following written Requests for Admission to Defendant The Kroger Co. (hereinafter "Defendant"), pursuant to O.C.G.A. § 9-11-36.

Answers to these Requests for Admission shall be served upon the attorney for the Plaintiff at the offices of Payne & du Toit, 2275 Marietta Blvd NW, Suite 270-245, Atlanta, GA 30318-2019 no later than forty-five (45) days after service of these Requests upon Defendant.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1. "**Subject Premises**" means the Kroger retail premises located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County.

2. "**Subject Incident**" means the fall described in Plaintiff's Complaint that took place on December 15, 2019 at the Subject Premises.

3. "**Plaintiff**" means Plaintiff Tonya Price.

Copy from re:SearchGA

## REQUESTS FOR ADMISSION

1.

Please admit that you have been correctly named as a party defendant in the present case insofar as the legal designation of name is concerned.

2.

Please admit that venue for this lawsuit is proper in Cherokee County.

3.

Please admit that you have been properly served with a copy of the Complaint in this lawsuit.

4.

Please admit that the Court in which the present action is pending does, in fact, have subject matter jurisdiction of the present cause.

5.

Please admit that on December 15, 2019, you were in legal possession of the Subject Premises.

6.

Please admit that on December 15, 2019, you owned and operated the Subject Premises.

7.

Please admit that on December 15, 2019, Plaintiff fell at the Subject Premises.

8.

Please admit that on December 15, 2019, Plaintiff slipped on milk at the Subject Premises, which caused her to fall.

2

9.

Please admit that on December 15, 2019, there were individuals employed by you, who were working within the course and scope of their employment, in the immediate vicinity at the time of Plaintiff's fall at the Subject Premises.

10.

Please admit that on December 15, 2019, for several hours prior to Plaintiff's fall, there were individuals employed by you, who were working within the course and scope of their employment, in the immediate vicinity of the area in which Plaintiff fell.

11.

Please admit that on December 15, 2019, there were individuals employed by you, who were working within the course and scope of their employment, in the immediate vicinity of Plaintiff's fall prior to the time that Plaintiff fell.

12.

Please admit that on December 15, 2019, there were individuals employed by you, who were working within the course and scope of their employment, in the immediate vicinity of Plaintiff's fall prior to the time that Plaintiff fell, who saw the milk on the floor prior to Plaintiff's fall.

13.

Please admit that on December 15, 2019, there were individuals employed by you, who were working within the course and scope of their employment, in the immediate vicinity of Plaintiff's fall prior to the time that Plaintiff fell, who should have seen the milk on the floor prior to Plaintiff's fall.

Copy from re:SearchGA

14.

Please admit that Plaintiff was an invitee on the Subject Premises at the time of the Subject Incident.

15.

Please admit that at the time in question, there was milk on the floor where Plaintiff fell.

16.

Please admit that the milk which caused Plaintiff's fall was within eyesight of individuals employed by you, who were working within the course and scope of their employment at the time of the Subject Incident.

17.

Please admit that individuals employed by you, who were working within the course and scope of their employment at the time of the Subject Incident, had an opportunity to clean up the milk prior to the occurrence of the Subject Incident.

18.

Please admit that on December 15, 2019, Plaintiff sustained injuries as a result of the fall described in the Complaint.

19.

Please admit that Plaintiff was not contributorily negligent with regard to the Subject Incident.

20.

Please admit that you were responsible for keeping the Subject Premises safe at the time that Plaintiff was present on December 15, 2019.

4

Copy from re:SearchGA

21.

Please admit that your acts of negligence and breach of duty to keep the premises safe were the sole and proximate cause of the injuries sustained by Plaintiff.

22.

Please admit that Defendant was aware or should have been aware of the hazardous condition which existed on the floor and caused Plaintiff's fall.

This 30th day of November, 2021.

PAYNE & DU TOIT

  */s/ Catherine Payne* _____
Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
cpayne@pdtfirm.com
adutoit@pdtfirm.com

*Attorneys for Plaintiff*

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
11/30/2021 2:11 PM  RR
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                Defendants.

CIVIL ACTION
FILE NO. _____21CVE2072_____

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT THE KROGER CO.

COMES NOW Plaintiff Tonya Price (hereinafter "Plaintiff"), and pursuant to the provisions of O.C.G.A. § 9-11-33 serves upon Defendant The Kroger Co. (hereinafter "Defendant") the following Interrogatories, and requests Defendant to answer said Interrogatories fully and in writing within the time allowed by law.

## INSTRUCTIONS AND DEFINITIONS

These Interrogatories are continuing, and if at any time after Defendant have initially responded to these Interrogatories, new or additional information responsive to any of these Interrogatories comes to the attention of or into the actual and/or constructive possession of Defendant within the scope of O.C.G.A. § 9-11-26, then Defendant is accordingly required to furnish such new or additional information to Plaintiff and to file and serve upon counsel for Plaintiff supplemental responses to these interrogatories.

A.    When used in these interrogatories, the terms "Kroger," "Defendant," "you," "your," or any synonym thereof, are intended to and shall embrace and include The Kroger Co.

designated in the Complaint unless otherwise specified. In addition, these terms are meant specifically to incorporate and encompass agents, servants, employees, representatives, private investigators, attorneys and others who are in possession of or may have obtained information for or on behalf of Defendant, individually and collectively.

B.      "Plaintiff" or "Plaintiffs" means Plaintiff Tonya Price.

C.      "Subject Premises" means the Kroger retail premises located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County.

D.      "Subject Incident" means the fall described in Plaintiff's Complaint that took place on December 15, 2019 at the Subject Premises.

E.      The terms "identification," "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business addresses, home and business telephone numbers, their employer and job title and present whereabouts for each such person.

F.      The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, the principal place of business and registered agent for service of process.

G.      The terms "identification," "identify," or "identity," when used in reference to a document or file shall mean its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodian of the document or file. Such identification should be made with a significant level of particularity to enable you to respond to a request to produce same.

H.      The words "related to" or "relating to" shall include pertaining to, concerning,

2

Copy from re:SearchGA

respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, concerned with, commencing on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

    I.    The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar an diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, cancelled checks, invoices, bills, receipts, opinions, certificates, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer stored information, whether or not in printer form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made. If multiple copies of a document exist, each copy which is being identified, produced, or identified as a privileged document shall also be produced or so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

Copy from re:SearchGA

J.      The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

K.      A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

L.      The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

M.      "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the words "each."

N.      Should Defendants claim as privileged any document for which identification is requested by any of the following interrogatories, Defendants shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendants shall indicate the ground on which the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

O.      If you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, and stating what information or knowledge you have concerning the unanswered portions.

Copy from re:SearchGA

## **INTERROGATORIES**

1.

Please provide your full corporate name, your primary or principal address, your state of incorporation, the date you opened the Kroger store located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County, the names and addresses of your corporate president, vice-president, secretary, and treasurer, and the names and current addresses of each manager working at or assigned to the store at issue in this litigation.

2.

Identify all persons who have investigated the subject Incident or have discussed the subject incident on your behalf with your representatives, attorneys, or insurers.

3.

Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper, and provide the complete name of the entity you contend should have named and/or served.

4.

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

5.

Other than your response to Interrogatory No. 4, do you contend that there are any factual

Copy from re:SearchGA

or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

Please identify any manuals utilized in training Defendant's employees which reference safety procedures for customers and/or items sold in Defendant's stores in Georgia.

7.

Please identify every person who has any information about how or why the incident complained of in this case occurred, about who was at fault or in any way responsible for causing this incident, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge; for example: eyewitness, investigating police officer, medical personnel, etc.

8.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given, whether oral, written, recorded or videotaped. Also, identify the taker and present custodian of such statement(s).

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information regarding Plaintiff's health condition prior to or subsequent to the incident in this case, information regarding Plaintiff's physical and mental suffering as a result of this incident, or any information regarding the issue of damages in this case.

6

Copy from re:SearchGA

10.

Please identify any and all investigators, adjusters, claims representatives, or experts who have investigated the Subject Incident, examined or inspected the scene, or who have in any way investigated the claims made in this lawsuit on behalf of you, your attorneys, or your insurers.

11.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

    a) Identify the subject matter of which he or she is expected to testify;

    b) Identify the substance of the facts and opinions as to which he or she is expected to testify;

    c) Summarize the grounds for such opinions; and

    d) Identify all documents and professional references upon which such person may base his or her testimony and opinions.

12.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person who is not a party to this action did or failed to do which in any way contributed to causing the subject incident and/or any of Plaintiff's injuries. Please identify these persons and supply any statutory authority in support of these contentions, if any are made.

13.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams,

7

Copy from re:SearchGA

computer simulations, or any other type demonstrative evidence concerning the subject incident, the site of the subject incident, which in any way illustrate any facts relevant to the subject incident. As to each item, please state the nature of such item(s); how many of such item(s) exist; the name, address, and employer of the person making or supplying such item(s); and the identity of the person who presently possesses such item(s).

14.

Was Plaintiff's fall captured or recorded on videotape in any way on any security and/or surveillance cameras? If yes, please identify all persons who are currently in possession of such videotapes.

15.

Please state whether or not an accident/incident report was made by you or any of your representatives in connection with the Subject Incident, and if so, to whom that report was sent and the place where such report is located.

16.

Please state in detail how you contend the Subject Incident took place and the order in which the events took place.

17.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents was responsible for the cleaning and maintenance of the Subject Premises? If so, please state  each and every fact on which you base your contention and identify each and every writing that supports the contention.

Copy from re:SearchGA

18.

Please identify each and every procedure manual, letter, memo, instruction manual and other writing that pertain to or concern in any way the cleaning and aisle maintenance of the Subject Premises.

19.

On the date of the Subject Incident, how frequently was the area cleaned where the incident allegedly occurred?

20.

Please provide the name of the employee(s) responsible for maintaining the condition of the store floor during the date and time of the alleged incident.

21.

On the date of the alleged incident, was the area where the incident occurred stocked or re-stocked, and if so, at what times?

22.

What equipment is used to clean, sweep or mop the area where the incident occurred?

23.

For each of your employees physically present at the Kroger store at issue in this litigation at the time and place of the incident, please state his or her name, address, and telephone number; his or her job title as of the date of the incident; whether she or he was on duty at the time of the incident; and the job function she or he was performing at the time of the incident.

24.

Identify, with sufficient particularity to allow Plaintiff to frame a notice to produce, any writings, including sweep sheets and maintenance logs, which support your answer to

Copy from re:SearchGA

Interrogatory No. 19.  If said writings contain abbreviations or initials, define the abbreviations and state the full name, address, and telephone number of the person whose name is signified by the initials.

25.

Please describe all policies and procedures, including inspection and cleaning procedures, you had in place on December 15, 2019 to ensure the reasonable safety of customers and invitees using the premises at the Kroger store at issue in this litigation.

26.

Please provide the date and time you were first notified that there had been a fall with injuries on December 15, 2019 involving Plaintiff, and include the name and address of the person who notified you, the name and address of the person(s) at Defendant Kroger who was or were in fact notified, and your response to that notification.

27.

Please describe all safety precautions or other affirmative steps you took on December 15, 2019 to reasonably ensure the safety in and around the area where the incident at issue in this litigation occurred in the Kroger store at issue in this litigation.

28.

Please identify by full name, date of hire, job title, and current employment status, each and every employee and/or agent of Defendant who had responsibility for inspecting, cleaning, warning about potentially hazardous conditions of, or otherwise reporting problems with the area in and around where Plaintiff in the Subject Premises on December 15, 2019.

Copy from re:SearchGA

29.

For each employee and/or agent of Defendant identified in response to the previous interrogatory, please state whether or not said individual was reprimanded, suspended, or otherwise punished as a result of the subject incident. If an individual was reprimanded, suspended, or otherwise punished in any way, please describe such action fully (to include the date such action was taken).

30.

Please identify each and every claim, lawsuit, complaint, or other documented incident over the past five (5) years in which an individual alleged that Defendant caused or contributed to personal injuries sustained by said individual in a slip, fall, trip, or other similar incident in the Subject Premises.

31.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiffs' Request for Production of Documents.

32.

Do you contend that Plaintiff did not fall at the place and time alleged in the Complaint? If your answer is in the affirmative, please:

 a)  State each and every fact on which you base the contention;

 b)  State the name, address, telephone number of each witness whose testimony would support the contention;

 c)  Identify with sufficient particularity to allow Plaintiffs to frame a notice to produce, each and every writing that supports the contention.

Copy from re:SearchGA

33.

Please detail the factual and legal basis for each defense pled in your answer.

This 30th day of November, 2021.

PAYNE & DU TOIT

__/s/ Catherine Payne_____
Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
cpayne@pdtfirm.com
adutoit@pdtfirm.com

*Attorneys for Plaintiff*

12

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
11/30/2021 2:11 PM  RR
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                    Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                    Defendants.

CIVIL ACTION
FILE NO. ___21CVE2072___

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER CO.

COMES NOW Plaintiff Tonya Price (hereinafter "Plaintiff"), and pursuant to O.C.G.A. §9-11-34 hereby notifies Defendant The Kroger Co. (hereinafter "Defendant") to produce within the time allotted by law or at the time of any deposition, hearing, or trial, in the above-styled case, whichever is sooner, the following documents, records, and things which are in Defendant's possession, custody or control, the same to be used as evidence by Plaintiff. Said documents, records and things produced in response should be served upon counsel for Plaintiff by first class U.S. Mail or by statutory overnight delivery to the offices of Payne & du Toit, 2275 Marietta Blvd NW, Suite 270-245, Atlanta, Georgia 30318.

## INSTRUCTIONS AND DEFINITIONS

These Requests are continuing, and if at any time after Defendants have initially responded to these Requests, new or additional information responsive to any of these Requests comes to the attention of or into the actual and/or constructive possession of Defendants within the scope of O.C.G.A. § 9-11-26, then Defendants are accordingly required to furnish such new or additional

Copy from re:SearchGA

information to Plaintiff and to file and serve upon counsel for Plaintiff supplemental responses to these Requests.

A.     When used in these Requests, the terms "Kroger," "Defendant," "you," "your," or any synonym thereof, are intended to and shall embrace and include The Kroger Co. designated in the Complaint unless otherwise specified.  In addition, these terms are meant specifically to incorporate and encompass agents, servants, employees, representatives, private investigators, attorneys and others who are in possession of or may have obtained information and/or documentation for or on behalf of Defendant, individually and collectively.

B.     "Plaintiff" or "Plaintiffs" means Plaintiff Tonya Price.

C.     "Subject Premises" means the Kroger retail premises located at 5339 Old Hwy 5, Woodstock, GA 30188 in Cherokee County.

D.     "Subject Incident" means the fall described in Plaintiff's Complaint that took place on December 15, 2019 at the Subject Premises.

E.     The terms "identification," "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business addresses, home and business telephone numbers, their employer and job title and present whereabouts for each such person.

F.     The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, the principal place of business and registered agent for service of process.

G.     The terms "identification," "identify," or "identity," when used in reference to a document or file shall mean its author, the manner and date or time period in which it originated,

2

Copy from re:SearchGA

was developed or kept, its original location, its present location, and all persons who have been custodian of the document or file. Such identification should be made with a significant level of particularity to enable you to respond to a request to produce same.

H.     The words "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, concerned with, commencing on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

I.     The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar an diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, cancelled checks, invoices, bills, receipts, opinions, certificates, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer stored information, whether or not in printer form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as

3

Copy from re:SearchGA

hereinbefore defined by whatever means made. If multiple copies of a document exist, each copy which is being identified, produced, or identified as a privileged document shall also be produced or so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

J.      The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

K.      A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

L.      The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

M.      "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the words "each."

N.      Should Defendants claim as privileged any document for which identification is requested by any of the following Requests, Defendants shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendants shall indicate the ground on which the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

Copy from re:SearchGA

O.      If you cannot produce documents, records, or things in response to any of the following requests in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to produce any documents, records, or things, and stating what information or knowledge you have concerning the documents, records, or things that were not produced.

Pursuant to the above, Plaintiff hereby requests Defendants produce the following:

## **REQUESTS TO PRODUCE**

1.

Please produce true, accurate and complete copies of all witness statements obtained from any person, including Plaintiff, about any information relevant to any issue in this lawsuit, or the subject incident, including but not limited to the issues of liability or damages.

2.

Please produce true, accurate and complete copies of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic, demonstrative or tangible evidence concerning the subject incident and/or concerning any of the issues relevant in this lawsuit, to include but not to be limited to the issues of liability and damages.

3.

Please produce a true, accurate and complete copy of any incident report prepared by you or on your behalf concerning the subject incident and/or any claim or potential claim arising of said incident.

Copy from re:SearchGA

4.

Please produce a true, accurate and complete copy of all policies of insurance, including the declarations pages that do or may afford liability insurance coverage to Defendants for the claims made in this lawsuit. This request includes primary insurance coverage, excess insurance coverage, umbrella coverage or any other type of liability insurance coverage.

5.

Please produce true, accurate and complete copies of all reports received from any experts who have investigated any issue relevant to the subject incident. Also, produce all documents or other material or information in any form submitted to, or received from, each expert for their consideration in formulating their opinions and conclusions.

6.

Please produce a true, accurate and complete copy of all claims forms, accident reports, incident reports or other documentation by any other name evidencing any other incidents over the past five (5) years in which an individual alleged that Defendants, its employees, and/or agents caused or contributed to personal injuries sustained in a slip, fall, trip, or other similar incident in the Subject Premises.

7.

Please produce true, accurate and complete copies of any and all information sent to or received from or through any of your insurers concerning the incident giving rise to this litigation, including but not limited to documents in the possession of your liability insurer with respect to the issue of liability in this case. This request is to include any and all documents sent by you or sent on your behalf by someone other than yourself.

Copy from re:SearchGA

8.

Please produce a true, accurate and complete copy of any report or statement made by you and given to the police, to any insurer, or to any other person or entity concerning the subject incident.

9.

Please produce true, accurate and complete copies of any and all photographs, documents, or demonstrative evidence relevant to any of the issues in this lawsuit and/or that you intend to use in the defense of this case at trial.

10.

Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiffs' physical or medical condition, injuries or damages that has not been supplied to you by Plaintiffs' counsel.

11.

Please produce a true, accurate and complete copy of any videotape on which Plaintiff's fall was recorded or captured in any way on any of the store's security and/or surveillance cameras.

12.

Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to deny insurance coverage, or to reserve the right to contest the issue of coverage, for the claims made in this lawsuit.

7

Copy from re:SearchGA

13.

Please produce true, accurate and complete copies of any and all documents filed as a part of an insurance claim with any insurer relating to the incident at the basis of this lawsuit.

14.

Please produce true, accurate and complete copies of any and all documents that support, are referred to, or otherwise pertain to any of your responses to Plaintiff's First Continuing Interrogatories, identifying which interrogatory response each document supports, is referenced, or otherwise pertains.

15.

Please produce true, accurate and complete copies of any and all policies and procedures in effect as of December 15, 2019, through the present date, which policies and procedures relate in any way to the inspecting, cleaning, or warning of potentially hazardous conditions of, or otherwise reporting problems with the floors, aisles, checkout areas, or other areas in the store at issue in this litigation.

16.

Please produce true, accurate and complete copies of any documents, sheets or checklists, by whatever known or called, which listed, described, documented or otherwise recorded the number and times that the premises of the store at issue in this litigation was inspected on December 15, 2019.

17.

Please produce true, accurate and complete copies of any time sheets, pay stubs or other documents showing the number of hours worked, by whatever name known or called, for each and every employee and/or agent of Defendants' working at the store at issue in this litigation on

Copy from re:SearchGA

December 15, 2019.

18.

Please produce a true, accurate and complete copy of Defendants' employee and management handbooks (by whatever name known or called) or other similar documents in effect as of December 15, 2019 through the present date.

19.

Please produce true, accurate and complete copies of any and all training materials provided to any employees, managers and/or agents who were expected to work at the store at issue in this litigation as of December 15, 2019 through the present date.

20.

Please produce true, accurate and complete copies of any and all warning signs or placards used to inform customers and invitees at the store at issue that the floor in and around the area, section or aisle of the store where the incident at issue in this litigation occurred was hazardous.

21.

Please produce any and all inspection and sweep logs for the area in and around the specific area, section or aisle of the store where the incident at issue in this litigation as of December 15, 2019, and for one week before and after that date.

22.

Please produce all documents or logs which contain Defendants' written policy on the frequency of mopping, sweeping, cleaning, and maintaining the area of the store at issue in this litigation where Plaintiff fell.

Copy from re:SearchGA

23.

Please produce all logs which reference the frequency of stocking or restocking the area of the store at issue in this litigation where Plaintiff fell for the date of December 15, 2019 and for one week before and after that date.

24.

Please produce all analyses, grading and/or evaluations of the completion of the inspection or sweep logs conducted for the purpose of determining whether inspection and sweeping of the store at issue in this litigation conformed with Defendants' policy.

25.

Please produce Defendants' document retention policy with respect to the store at issue in this litigation's incident reports for the time period of the subject incident.

26.

Please produce a blank copy of the incident report form utilized at the time of the subject accident as well as any other forms generated at the store level which accompany the transmission of the incident report to the next reporting level.

27.

Please produce a floor or merchandising plan which depicts the arrangement of the merchandise aisles and cash registers in the store at issue in this litigation as they existed at the time of the subject incident.

28.

Please produce true, accurate and complete copies of any documents that support specific defenses pled in your answer, identifying the defense to which each document pertains.

10

Copy from re:SearchGA

This 30th day of November, 2021.

PAYNE & DU TOIT

__/s/ Catherine Payne__ _____
Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
Georgia Bar No. 213320

2275 Marietta Blvd NW
Ste. 270-245
Atlanta, GA 30318-2019
cpayne@pdtfirm.com
adutoit@pdtfirm.com

*Attorneys for Plaintiff*

11

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
12/2/2021 8:55 AM  PG
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

        Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

        Defendants.

CIVIL ACTION
FILE NO. 21CVE2072

## PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

COMES NOW, Plaintiff, and moves pursuant to O.C.G.A. § 9-11-4(c), for an order appointing Jeff Dolbier to serve the Defendants with a copy of the Summons and Complaint in the above-styled action.  As grounds therefore, Plaintiff shows that prompt service of process upon Defendants is important, and that Jeff Dolbier is over the age of 18 years, and is not an interested party to this case.  See December 1, 2021 Affidavit of Special Process Server executed by Jeff Dolbier, attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff prays that this motion be granted, and that Jeff Dolbier be appointed to serve process on Defendants.  A proposed order is attached hereto as **Exhibit B**.

Respectfully submitted, this 2nd day of December, 2021.

PAYNE & DU TOIT

*/s/ Catherine Payne*

Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
cpayne@pdtfirm.com
adutoit@pdtfirm.com

Catherine D. Payne
Georgia Bar No. 463911
Anne Marie du Toit
Georgia Bar No. 213320

*Attorneys for Plaintiff*

Copy from re:SearchGA

# EXHIBIT A

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                Defendants.

CIVIL ACTION
FILE NO. **21CVE2072**

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, <u>Jeff Dolbier</u>, personally appeared before the undersigned officer duly authorized to administer oaths in the State of Georgia, who having been duly sworn, depose and state as follows:

1.    I am over the age of eighteen (18) years, and am a citizen of the United States. I am not a convicted felon.

2.    I am a non-party to this Action, and I have no interest in this case.  Further, I am not related by blood or marriage to any party in this case, and am not an employee of any party, or an employee of Plaintiff's attorney.

I certify under penalty of law that the foregoing is true and correct.

Signed, this ___1___ day of _DECEMBER_ , 2021.

_____
Jeff Dolbier

SWORN TO AND SUBSCRIBED before me this ___ day of _DECEMBER_ , 2021.

_____
NOTARY PUBLIC

# EXHIBIT B

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

                Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

                Defendants.

CIVIL ACTION
FILE NO. 21CVE2072

## ORDER APPOINTING PROCESS SERVER

Plaintiff's Motion For Special Appointment of Process Server having been read and considered, and it appearing to the Court that such appointment is authorized by O.C.G. A. § 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Jeff Dolbier is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this Action on Defendants, and to make and file a proof of service as required by law.

SO ORDERED this _____ day of _____, 2021.

_____
Judge, Superior Court of
Cherokee County, Georgia

Copy from re:SearchGA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
12/2/2021 11:43 AM  PG
Patty Baker, Clerk
Civil Division

IN THE SUPERIOR COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

TONYA PRICE,

              Plaintiff,

vs.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

              Defendants.

CIVIL ACTION
FILE NO. 21CVE2072

## ORDER APPOINTING PROCESS SERVER

Plaintiff's Motion For Special Appointment of Process Server having been read and considered, and it appearing to the Court that such appointment is authorized by O.C.G. A. § 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Jeff Dolbier is specially appointed, authorized, and directed to serve a copy of the Summons and Complaint in this Action on Defendants, and to make and file a proof of service as required by law.

SO ORDERED this _____ day of _____, 2021.

12/2/2021

_____
Judge, Superior Court of
Cherokee County, Georgia

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CHEROKEE COUNTY

STATE OF GEORGIA

Superior Court of Cherokee County
**E-Filed**
21CVE2072
12/7/2021 4:28 PM  TB
Patty Baker, Clerk
Civil Division

TONYA PRICE,

      Plaintiff,

    v.

THE KROGER CO.;
XYZ CORPORATIONS 1-3

      Defendants.

CIVIL ACTION FILE

NO.: 21CVE2072

## AFFIDAVIT OF JEFF DOLBIER

On Friday December 3, 2021 at 1:30 pm I served true and correct copies of the SUMMONS, COMPLAINT, CIVIL COVER SHEET, PLAINTIFF'S 1ST REQUESTS FOR ADMISSION TO DEFENDANT, PLAINTIFF'S 1ST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PLAINTIFF'S 1ST CONTINUING INTERROGATORIES TO DEFENDANT, and ORDER APPOINTING PROCESS SERVER upon Defendant The Kroger Co's Registered Agent, CSC of Cobb County Inc., located at 192 Anderson Street, Suite 125, Marietta, GA 30060. Ms. Teri Thompson, a CSC of Cobb County representative, accepted service.

This  6  day of  DECEMBER 20 21

          Jeff Dolbier
          President, Flash Delivery Inc.

Sworn and Subscribed before
me this  6  day of  December  20 21
My Commission Expires: 02-07-2025

DOMINIQUE JEFFERSON
NOTARY
EXPIRES
GEORGIA
02-07-2025
PUBLIC
HENRY COUNTY

Copy from re:SearchGA